United States District Court
Southern District of Texas
**ENTERED**
December 03, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DANIEL DAVID GOMEZ, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:21-cv-120 |
| | § | |
| THE STATE OF TEXAS, | § | |
|     Respondent. | § | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On August 9, 2021, Plaintiff Daniel David Gomez filed a petition for a writ of habeas corpus, alleging that he had been held in jail in violation of his speedy trial rights. Dkt. No. 1. At the time that he filed the complaint, Gomez was a prisoner at the Willacy County Jail in Raymondville, Texas. Id.

On October 29, 2021, Gomez filed a notice of change of address with the Court, indicating that he was no longer in custody. Dkt. No. 14. On November 1, 2021, the Court ordered Gomez to file an update "as to whether the criminal case against him has been resolved and whether he is still seeking a speedy trial." Dkt. No. 15. Gomez was ordered to file the update no later than November 15, 2021. Id.

The order was sent to Gomez's new address and he signed a certified mail receipt on November 3, 2021, indicating that he had received it. Dkt. No. 17.

As of today's date, Gomez has not filed the required update. Thus, the failure in this case is Gomez's failure to respond to the Court issued order, not the substance of his speedy trial right claims.

**I. Applicable Law**

A district court may sua sponte dismiss an action for failure to prosecute or to comply with any order. FED. R. CIV. P. 41(b); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir.1988). Generally, such dismissals are without prejudice; however, if further litigation would be time-barred, then the Court must treat the dismissal as one with

1

prejudice and determine whether such a "severe" sanction is warranted. Campbell v. Wilkinson, 988 F.3d 798, 801 n 1 (5th Cir. 2021).

A case may be dismissed with prejudice for want of prosecution only if there is "a clear record of delay or contumacious conduct by the plaintiff" and lesser sanctions would not prompt diligent prosecution, or lesser sanctions have been employed and have been futile. Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188, 1191 (5th Cir. 1992). Generally, one of three aggravating factors is present in a dismissal with prejudice: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." Id.

**II. Analysis**

Gomez's failure to respond to the Court's court order instructing him to file the update warrants dismissal of his claims without prejudice. Caton v. Dretke, 2008 WL 177704 (E.D. Tex. Jan. 17, 2008).

While a dismissal without prejudice is recommended, such a dismissal may amount to a dismissal with prejudice, if the "statute of limitations prevents or arguably may prevent a party from refiling his case after it has been dismissed." Burden v. Yates, 644 F.2d 503, 505 (5th Cir. 1981) (quoting Boazman v. Economics Laboratory, Inc., 537 F.2d 210, 213 (5th Cir. 1976) (emphasis added)). Where there is any doubt as to the effect of the dismissal, the higher standard for dismissal with prejudice should be applied. Collins v. Stalder, 236 Fed. App'x. 29, *1 (5th Cir. 2007) (unpubl.) (citing Boazman, 537 F.2d at 212-13).

Gomez claims that the State was violating his right to a speedy trial. The Court has the authority to "enforce the state's obligation to bring him promptly to trial." Dickerson v. State of La., 816 F.2d 220, 226 (5th Cir. 1987). Such a claim arises under 28 U.S.C. § 2241. Hartfield v. Osborne, No. 4:14-CV-3120, 2015 WL 1880449, at *2 (S.D. Tex. Apr. 21, 2015). There is no statute of limitations for § 2241 petitions. See Hatfield v. Quarterman, 603 F. Supp. 2d 943, 948 (S.D. Tex. 2009) ("Unlike habeas petitions governed by AEDPA, habeas petitions under § 2241 have no statute of limitations ...."). As such, if

Gomez's speedy trial rights are still being violated, he can file a renewed habeas petition to prosecute his claim without running afoul of the statute of limitations.

### III. Recommendation

The Court recommends that the complaint filed by Daniel David Gomez, Dkt. No. 1, be dismissed without prejudice for want of prosecution.

The parties have fourteen days (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1). A party filing objections must specifically identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. Alexander v. Verizon Wireless Servs., L.L.C., 875 F.3d 243, 248 (5th Cir. 2017).

DONE at Brownsville, Texas, on December 3, 2021.

_____
Ronald G. Morgan
United States Magistrate Judge